**RINEHART LEGAL SERVICES, LTD.,**
AN OHIO LIMITED LIABILITY COMPANY

300 East Broad Street, Suite 450
Columbus, Ohio 43215
Phone: (614) 221-1244    Fax: (614) 343-1549
www.rinehartlegal.com



CHRISTOPHER A. RINEHART*                              *INDIVIDUALLY LICENSED IN WEST VIRGINIA
E-MAIL: CRINEHART@RINEHARTLEGAL.COM

**SENT VIA U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

May 2, 2017

The Honorable Charles Howland
Morrow County Prosecutor
60 East High Street
Mt. Gilead, Ohio 43338

      RE:    Ross H. Porter / Village of Marengo

Dear Mr. Howland:

      Please find enclosed courtesy copies of two (2) letters that were delivered to the Morrow County Auditor's Office and the Morrow County Treasurer's Office regarding certain issues involving Ross H. Porter and the Village of Marengo. After reviewing the same, if you have any questions or concerns or would like to discuss these matters further, please contact me at your convenience.

                                Very Truly Yours,

                                  Christopher A. Rinehart

Enclosures
cc:    Ross H. Porter / West Walnut Park LLC





**RINEHART LEGAL SERVICES, LTD.,**
AN OHIO LIMITED LIABILITY COMPANY

300 East Broad Street, Suite 450
Columbus, Ohio 43215
Phone: (614) 221-1244    Fax: (614) 343-1549
www.rinehartlegal.com

CHRISTOPHER A. RINEHART*                                    *INDIVIDUALLY LICENSED IN WEST VIRGINIA
E-MAIL: CRINEHART@RINEHARTLEGAL.COM

<u>SENT VIA U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>

May 2, 2017

The Honorable Patricia K. Davies
Morrow County Auditor
48 East High Street, Room 7
Mt. Gilead, Ohio 43338

RE:    Ross H. Porter              /  Parcel No. A45-002-00-003-04
       West Walnut Park LLC        /  Parcel No. A45-002-00-003-03
       West Walnut Park LLC        /  Parcel No. A45-002-00-003-01 (pre-transfer)

Dear Ms. Davies:

On behalf of Ross H. Porter ("Mr. Porter") and West Walnut Park LLC, I am writing to address certain Village of Marengo wastewater fund charges that have been purportedly certified to your office by the Village of Marengo and subsequently added to the tax duplicates of the above-referenced parcels by your office.

As you will recall, Mr. Porter notified your office in January of 2016 that he believes the Village of Marengo is improperly charging him for user-based sewer charges and then certifying any such unpaid charges to your office for purposes of having your office add such unpaid charges to the tax duplicates for his properties. A copy of his correspondence is attached hereto as Exhibit 1. Subsequent to that letter and without any apparent change to your office's practices or procedures, your office has continued to add additional purported unpaid sewer charges to the tax duplicates associated with his properties in 2016 and 2017.

After reviewing documentation collected from your office, it appears that your office has erroneously added and is continuing to erroneously add these charges to the above-referenced tax duplicates.

As your office is aware, the Village of Marengo has purportedly authorized and constructed a sewer system for the residents of the Village of Marengo. In accordance with the operation of this sewer system, the Village of Marengo has also purportedly adopted a schedule

RINEHART LEGAL SERVICES, LTD.
The Honorable Patricia K. Davies
May 2, 2017
Page 2 of 4

of sanitary sewer user rates to be charged to residents of the Village who use the system. *See* Village of Marengo Ordinance No. 1992-13.

Once the legislative authority of the Village established a schedule of rates or charges of rents for the use of its sewer system, all responsibility for the management, conduct, and control of the sewerage system are to be performed by a board of trustees of public affairs, including the collection of sewer rentals. *See, e.g.*, Ohio Revised Code Section 729.50 and *Dennis v. Martin*, 4 Ohio Misc. 1 (Ohio C.P. 1964). Initially, the mayor of the village is to appoint the members of a newly established board of public affairs, subject to confirmation by the legislative authority, who are then subsequently elected to various terms as established by law. *See* Ohio Revised Code Section 735.28. In exercising its duties, a board of public affairs may make such bylaws and rules as it determines to be necessary for the safe, economical, and efficient management and protection of the sewer system and such bylaws and rules shall have the same validity as ordinances. *See* Ohio Revised Code Section 735.29. Furthermore, in relation to collection of rents, when such rents become delinquent, a board of public affairs may certify them to the county auditor to be placed on the duplicate and collected as other village taxes, or it may collect them by actions at law in the name of the village. *See* Ohio Revised Code Section 735.29.

In lieu of establishing a board of public affairs, a village may elect to create and appoint a village administrator. A village administrator shall be appointed by the mayor and confirmed by the legislative authority of a village. *See* Ohio Revised Code Sections 735.271. Once the position of village administrator has been created, the board of public affairs shall be abolished and all duties of the board of public affairs shall be exercised by the village administrator. *See* Ohio Revised Code Sections 735.272 and 735.273.

With regard to the collection of sewer rentals, the law is very clear that such collection activities are to be conducted by either (a) a board of public affairs or (b) a duly appointed and authorized village administrator. With regard to the Village of Marengo, it does not appear that it has established either a board of public affairs or a village administrator. As such, it would appear the village has no legal authority (1) to operate a sewer system, (2) to bill residents for using such a system, (3) to collect sewer rents, through monthly billing or otherwise, (4) to declare such rents as delinquent, (5) to certify delinquent rents to your office, or (6) to pursue legal action for the collection of such rents..

In reviewing records on file in your office, it appears your office has received a certain ordinance from the Village of Marengo purporting to establish its authority to collect delinquent sewer rents either through certification through your office or, independently, through direct legal action against a particular resident. That purported authority is contained within Village of Marengo Ordinance No. 1993-05, attached hereto as Exhibit 2. Specifically, you will note that the ordinance makes reference to Ohio Revised Code Section 743.04 as the basis for the Village's authority as it relates to the assertion of a lien in relation to unpaid sanitary sewer bills.

Assuming that Section 743.04 of the Ohio Revised Code is the legal basis upon which the Village of Marengo bases its authority to collect sewer rentals, to certify unpaid sewer rentals to

RINEHART LEGAL SERVICES, LTD.
The Honorable Patricia K. Davies
May 2, 2017
Page 3 of 4

your office, and to assert a lien for the same, the Village of Marengo has based its authority on the wrong statute and therefore the ordinance is, arguably, legally invalid.  Section 743.04 of the Ohio Revised Code provides for the assessment and collection of *water* rents – not sewer rents, which is governed by other provisions of the Ohio Revised Code.

Notwithstanding this purported fatal error, Village of Marengo Ordinance 1993-05 states, in pertinent part, as follows:

### 50.12 – ASSESSMENT AND COLLECTION OF SANTIARY SEWER USER RATES

When sanitary sewer rates or additional assessments or charges are not paid when due, *Council of the Village or Marengo* may do either or both of the following:

a)  Certify them, together with any penalties to the County Auditor.

...

b)  Collection by action of law in the name of the Village of Marengo, Ohio, from an owner, tenant or other person who is liable to pay the sewer use charges.

(emphasis supplied).  The ordinance states that the Council of the Village of Marengo may certify unpaid sewer charges to the County Auditor.  This is improper, and the Council of the Village of Marengo's attempts to appropriate and usurp power and authority that is specifically delegated to a board of public affairs or a village administrator in accordance with Sections 735.29 and 735.273 of the Ohio Revised Code is invalid.  The Ohio Revised Code does not authorize a Village Council to operate a sewer system or to charge, collect, certify, or initiate legal proceedings related to sewer rents.  As a result, neither the Village Council nor anyone acting on its behalf has legal authority to certify unpaid sewer rent charges to the County Auditor.

Specifically, in reviewing the certifications that are of record in your office related to the above-referenced parcels, it appears that such amounts have been certified to your office by either Robert Gale, who served as the Village of Marengo Mayor and/or Fiscal Officer between 2012 and 2015, or by Hilary Ostrom, who has served or is serving as the Village of Marengo's Fiscal Officer/Clerk.  Neither of these individuals are a board of public affairs or a village administrator, and the documentation submitted to your office does not purport to be submitted on behalf of either of those offices.  Based upon a review of the records contained in your office, there are no documents that would appear to validate the Village's authority to certify these charges to your office or for your office to add them to the tax duplicates for the above-referenced parties.

Accordingly, it appears that the Village of Marengo is improperly certifying, and thereby collecting, purported unpaid sewer rents and is using your office to accomplish the same.

RINEHART LEGAL SERVICES, LTD.
The Honorable Patricia K. Davies
May 2, 2017
Page 4 of 4

Because the Village has not established a board of public affairs, appointed a village administrator, or established proper legal authority upon which your office may legally and appropriately certify and add unpaid sewer rent charges to tax duplicates, I am requesting that your office remove all such charges from the above-referenced tax duplicates. To the extent that any unpaid sewer rents have been paid through this apparent improper process, we would request that your office work with the County Treasurer to refund to Mr. Porter any amounts that were improperly collected.

Furthermore, until such time as the Village of Marengo complies with applicable law, I would request that your office cease and desist from adding any further unpaid sewer rents to tax duplicates for the Village of Marengo. If the Village of Marengo believes it has sufficient legal authority to collect these unpaid charges, it may pursue appropriate legal actions against Mr. Porter as it deems necessary.

I appreciate your prompt attention to these matters and would request the courtesy of a response within ten (10) business days of receipt of the same.

Very Truly Yours,

Christopher A. Rinehart

Enclosures
cc:     Ross H. Porter / West Walnut Park LLC
        The Honorable Charles Howland, Morrow County Prosecutor

MORROW COUNTY
AUDITOR

**Ross H. Porter**
9 N. West Street
Marengo, Ohio 43334

2016 JAN 14 PM 1:33

January 13, 2016

The Honorable Patricia K. Davies
Morrow County Auditor
48 East High Street, Room 7
Mt. Gilead, Ohio 43338

The Honorable Thomas G. Griffith
Morrow County Treasurer
48 East High Street
Mt. Gilead, Ohio 43338

Village of Marengo
P.O. Box 310
Marengo, Ohio 43334

     RE:   Parcel No. A45-002-00-003-01

Dear Ms. Davies / Mr. Griffith / Village of Marengo:

     Pursuant to Ohio Revised Code Section 2723.03, I am writing to submit this formal protest associated with my payment of certain of the outstanding taxes assessed against the above-referenced property. In particular, I believe the amount assessed by special assessment by the Village of Marengo, which appears to be in the amount of $6,188.22, has been illegally assessed by the Village of Marengo because the Village of Marengo (1) has failed to establish by ordinance, just and equitable rates or charges of rents to be paid to the municipal corporation for the use of its sewerage system or other public works in violation of Ohio Revised Code Section 729.49; (2) has assessed such rates in an inequitable fashion; (3) has failed to establish a board of trustees of public affairs in accordance with Ohio Revised Code Sections 729.50 and 735.28; (4) alternatively, has failed to appoint a village administrator in violation of Ohio Revised Code Section 735.271; and (5) has exercised authority it is not permitted to exercise pursuant to Ohio Revised Code Sections 729.50 and 735.29 in the establishment of rates and charges of rents to be paid for services its provides and the assessment, collection, and levying the same as special assessment taxes against properties through the Morrow County Auditor's office. With regard to the County Auditor, the County Auditor has failed to comply with Sections 735.29 or 735.273 of the Ohio Revised Code because it has certified amounts to this property from the Village of Marengo without proper evidence or certification that these amounts are being certified by either the board of public affairs established pursuant to Ohio Revised Code Section 729.28 or a village administrator pursuant to Ohio Revised Code Section 735.271.



**Ross H. Porter**
9 N. West Street
Marengo, Ohio  43334

In accordance with Section 2723.03 of the Ohio Revised Code, I am hereby giving notice of my intention to sue the Village of Marengo and the County Auditor pursuant to, in part, Sections 2723.01 to 2723.05 of the Ohio Revised Code, to collect any such taxes or assessments paid pursuant to this protest, to enjoin the collection of any past or future assessments of rents or charges by Morrow County or the Village of Marengo in violation of Ohio law, and to collect any additional damages that may be available to me.

I appreciate your prompt attention to these matters.

Sincerely,

Ross H. Porter

cc:      Morrow County Prosecutor
         Noel Alden, Counsel for Village of Marengo

## ORDINANCE 1993-05

### ORDINANCE ESTABLISHING PROCEDURE FOR COLLECTION OF DELINQUENT SEWER USE CHARGES FOR THE VILLAGE OF MARENGO, OHIO AND DECLARING AN EMERGENCY

BE IT RESOLVED, by the Council of the Village of Marengo, State of Ohio, that the following statutory section shall become a part of the permanent laws of the Village of Marengo in its dealing with the collection and enforcement procedures for the sanitary sewage treatment system for the Village. Said ordinance shall become a part of Title V of the Codified Ordinances of the Village of Marengo which are as follows:

### 50.10 - DISCONTINUATION OF SERVICE

The Village reserves the right to discontinue wastewater service for any of the following reasons:

   1)   The non-payment of wastewater bills, including any other charges referred to in mandatory sewer user rates section of the Village Ordinances.

   2)   For repairs or unavoidable interruptions to be used in the operation of the system.

   3)   If the consumers sanitary sewer usage is detrimental to the sanitary sewer system as applied to other consumers or to the Village's sewage treatment.

   4)   Illegal use of the sanitary sewer system.

Whenever service is discontinued for non-payment of accounts or for fraudulent misrepresentation, a charge will be made by the utility to cover the cost of disconnection and reconnection of service when the same is again re-established.

### 50.11 - LIENS FOR UNPAID BILLS

Council hereby determines that customers of the Marengo wastewater treatment system shall take sewage service subject to all of the provisions herein and that acceptance of sewage service to property served by the sanitary sewer system of the Village of Marengo, Ohio, shall constitute an acknowledgement of such conditions for the provisions of sewage treatment, and shall further become the terms and conditions of the service contract between the Village



EXHIBIT
2

and the owner of the property being served sufficient to warrant the establishment of a lien against any such property wherein unpaid sanitary sewer bills have accrued, and are eligible to become liens against any such property in accordance with Ohio Revised Code Section 743.04.

### 50.12 - ASSESSMENT AND COLLECTION OF SANITARY SEWER USER RATES

When sanitary sewer rates or additional assessments or charges are not paid when due, Council of the Village of Marengo may do either or both of the following:

a) Certify them, together with any penalties to the County Auditor. The County Auditor shall place the certified amount on the real property tax list and duplicate against the property served by the connection if he also receives from the Village of Marengo Council additional certification that the unpaid charges have arisen pursuant to the implied service contract made between the owner of the property and the Village upon the owner's acceptance of sanitary sewer service from the Village.

1) The amount placed on the tax list and duplicate shall be a lien on the property served from the date placed on the list in duplicate and shall be collected in the same manner as other taxes.

2) The lien shall be released immediately upon payment in full of the certified amount.

3) Any amounts collected by the County Treasurer under this division shall be immediately placed in the fund established in behalf of the sanitary sewer system for the Village of Marengo, Ohio.

b) Collection by action of law in the name of the Village of Marengo, Ohio, from an owner, tenant or other person who is liable to pay the sewer use charges.

c) Village Council is authorized to collect under the collection procedures as outlined, for certification on the tax records or collection by action at law at such time as any portion of unpaid user rates, once any portion of the assessments or penalties are at least six months delinquent, at which time all procedures available for collection purposes may be used for all unpaid charges at the time the procedure is initiated against each specific owner.

This ordinance is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, health and safety, and for the further reason that the establishing of collection procedures for the wastewater treatment system for the Village of Marengo is determined to be of the utmost necessity based upon the funding availability and other restraints placed upon Council by prior contractional agreements with various agencies and parties, and said ordinance shall, and, therefore, becomes effective upon its date of passage provided it receives an affirmative vote of 2/3 of the members elected to the Council for the Village of Marengo, otherwise, it shall take effect and be in full force from and after the earliest point allowed by law.

Passed and approved on the _____9_____ day of June, 1993.

Dated: June ___9___, 1993.

/s/ Robert Gale
Robert Gale, Mayor

ATTEST:

/s/ Eleanor Keener
Eleanor Keener, Village Clerk

CERTIFICATION

I hereby certify that the above document is a true and accurate copy of Ordinance Number 1993-05.

Eleanor Keener
Eleanor Keener, Village Clerk

Date: Feb 15, 1994



**RINEHART LEGAL SERVICES, LTD.,**
AN OHIO LIMITED LIABILITY COMPANY

300 East Broad Street, Suite 450
Columbus, Ohio 43215
Phone: (614) 221-1244   Fax: (614) 343-1549
www.rinehartlegal.com

CHRISTOPHER A. RINEHART*                    *INDIVIDUALLY LICENSED IN WEST VIRGINIA
E-MAIL: CRINEHART@RINEHARTLEGAL.COM

<u>SENT VIA U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>

May 2, 2017

The Honorable Thomas G. Griffith
Morrow County Treasurer
48 East High Street
Mt. Gilead, Ohio 43338

RE:   Ross H. Porter          /   Parcel No. A45-002-00-003-04
      West Walnut Park LLC     /   Parcel No. A45-002-00-003-03
      West Walnut Park LLC     /   Parcel No. A45-002-00-003-01 (pre-transfer)

Dear Mr. Griffith:

On behalf of Ross H. Porter ("Mr. Porter") and West Walnut Park LLC, I am writing to address certain Village of Marengo wastewater fund charges that have been added to the tax duplicates for the above-referenced properties.

With regard to the referenced charges, Mr. Porter believes that the Village of Marengo has no legal basis upon which to collect the referenced charges or to certify them to the Morrow County Auditor's Office for purposes of adding them to tax duplicates. I have enclosed a copy of certain correspondence that has been forwarded to the Morrow County Auditor outlining the basis for Mr. Porter's position on these matters.

Until such time as these issues have been appropriately addressed, I would request that your office take no action in regard to the collection of these disputed charges. Furthermore, going forward and until such time as these issues have been appropriately addressed and resolved, I would request that no payments made by Mr. Porter on his accounts be allocated in any way to the payment of these disputed charges.

**RINEHART LEGAL SERVICES, LTD.**
The Honorable Thomas G. Griffith
May 2, 2017
Page 2 of 2

      I appreciate your prompt attention to these matters and would request the courtesy of a response within ten (10) business days of receipt of the same.

Very Truly Yours,

Christopher A. Rinehart

Enclosures
cc:    Ross H. Porter / West Walnut Park LLC
       The Honorable Charles Howland, Morrow County Prosecutor

**RINEHART LEGAL SERVICES, LTD.,**
AN OHIO LIMITED LIABILITY COMPANY



300 East Broad Street, Suite 450
Columbus, Ohio 43215
Phone: (614) 221-1244   Fax: (614) 343-1549
www.rinehartlegal.com

CHRISTOPHER A. RINEHART*                                    *INDIVIDUALLY LICENSED IN WEST VIRGINIA
E-MAIL: CRINEHART@RINEHARTLEGAL.COM

<u>SENT VIA U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>

May 2, 2017

The Honorable Patricia K. Davies
Morrow County Auditor
48 East High Street, Room 7
Mt. Gilead, Ohio 43338

RE:    Ross H. Porter          /  Parcel No. A45-002-00-003-04
       West Walnut Park LLC    /  Parcel No. A45-002-00-003-03
       West Walnut Park LLC    /  Parcel No. A45-002-00-003-01 (pre-transfer)

Dear Ms. Davies:

On behalf of Ross H. Porter ("Mr. Porter") and West Walnut Park LLC, I am writing to address certain Village of Marengo wastewater fund charges that have been purportedly certified to your office by the Village of Marengo and subsequently added to the tax duplicates of the above-referenced parcels by your office.

As you will recall, Mr. Porter notified your office in January of 2016 that he believes the Village of Marengo is improperly charging him for user-based sewer charges and then certifying any such unpaid charges to your office for purposes of having your office add such unpaid charges to the tax duplicates for his properties. A copy of his correspondence is attached hereto as Exhibit 1. Subsequent to that letter and without any apparent change to your office's practices or procedures, your office has continued to add additional purported unpaid sewer charges to the tax duplicates associated with his properties in 2016 and 2017.

After reviewing documentation collected from your office, it appears that your office has erroneously added and is continuing to erroneously add these charges to the above-referenced tax duplicates.

As your office is aware, the Village of Marengo has purportedly authorized and constructed a sewer system for the residents of the Village of Marengo. In accordance with the operation of this sewer system, the Village of Marengo has also purportedly adopted a schedule

RINEHART LEGAL SERVICES, LTD.
The Honorable Patricia K. Davies
May 2, 2017
Page 2 of 4

of sanitary sewer user rates to be charged to residents of the Village who use the system. *See* Village of Marengo Ordinance No. 1992-13.

Once the legislative authority of the Village established a schedule of rates or charges of rents for the use of its sewer system, all responsibility for the management, conduct, and control of the sewerage system are to be performed by a board of trustees of public affairs, including the collection of sewer rentals. *See, e.g.*, Ohio Revised Code Section 729.50 and *Dennis v. Martin*, 4 Ohio Misc. 1 (Ohio C.P. 1964). Initially, the mayor of the village is to appoint the members of a newly established board of public affairs, subject to confirmation by the legislative authority, who are then subsequently elected to various terms as established by law. *See* Ohio Revised Code Section 735.28. In exercising its duties, a board of public affairs may make such bylaws and rules as it determines to be necessary for the safe, economical, and efficient management and protection of the sewer system and such bylaws and rules shall have the same validity as ordinances. *See* Ohio Revised Code Section 735.29. Furthermore, in relation to collection of rents, when such rents become delinquent, a board of public affairs may certify them to the county auditor to be placed on the duplicate and collected as other village taxes, or it may collect them by actions at law in the name of the village. *See* Ohio Revised Code Section 735.29.

In lieu of establishing a board of public affairs, a village may elect to create and appoint a village administrator. A village administrator shall be appointed by the mayor and confirmed by the legislative authority of a village. *See* Ohio Revised Code Sections 735.271. Once the position of village administrator has been created, the board of public affairs shall be abolished and all duties of the board of public affairs shall be exercised by the village administrator. *See* Ohio Revised Code Sections 735.272 and 735.273.

With regard to the collection of sewer rentals, the law is very clear that such collection activities are to be conducted by either (a) a board of public affairs or (b) a duly appointed and authorized village administrator. With regard to the Village of Marengo, it does not appear that it has established either a board of public affairs or a village administrator. As such, it would appear the village has no legal authority (1) to operate a sewer system, (2) to bill residents for using such a system, (3) to collect sewer rents, through monthly billing or otherwise, (4) to declare such rents as delinquent, (5) to certify delinquent rents to your office, or (6) to pursue legal action for the collection of such rents..

In reviewing records on file in your office, it appears your office has received a certain ordinance from the Village of Marengo purporting to establish its authority to collect delinquent sewer rents either through certification through your office or, independently, through direct legal action against a particular resident. That purported authority is contained within Village of Marengo Ordinance No. 1993-05, attached hereto as Exhibit 2. Specifically, you will note that the ordinance makes reference to Ohio Revised Code Section 743.04 as the basis for the Village's authority as it relates to the assertion of a lien in relation to unpaid sanitary sewer bills.

Assuming that Section 743.04 of the Ohio Revised Code is the legal basis upon which the Village of Marengo bases its authority to collect sewer rentals, to certify unpaid sewer rentals to

RINEHART LEGAL SERVICES, LTD.
The Honorable Patricia K. Davies
May 2, 2017
Page 3 of 4

your office, and to assert a lien for the same, the Village of Marengo has based its authority on the wrong statute and therefore the ordinance is, arguably, legally invalid. Section 743.04 of the Ohio Revised Code provides for the assessment and collection of *water* rents – not sewer rents, which is governed by other provisions of the Ohio Revised Code.

Notwithstanding this purported fatal error, Village of Marengo Ordinance 1993-05 states, in pertinent part, as follows:

### 50.12 – ASSESSMENT AND COLLECTION OF SANTIARY SEWER USER RATES

When sanitary sewer rates or additional assessments or charges are not paid when due, *Council of the Village or Marengo* may do either or both of the following:

a) Certify them, together with any penalties to the County Auditor.

...

b) Collection by action of law in the name of the Village of Marengo, Ohio, from an owner, tenant or other person who is liable to pay the sewer use charges.

(emphasis supplied). The ordinance states that the Council of the Village of Marengo may certify unpaid sewer charges to the County Auditor. This is improper, and the Council of the Village of Marengo's attempts to appropriate and usurp power and authority that is specifically delegated to a board of public affairs or a village administrator in accordance with Sections 735.29 and 735.273 of the Ohio Revised Code is invalid. The Ohio Revised Code does not authorize a Village Council to operate a sewer system or to charge, collect, certify, or initiate legal proceedings related to sewer rents. As a result, neither the Village Council nor anyone acting on its behalf has legal authority to certify unpaid sewer rent charges to the County Auditor.

Specifically, in reviewing the certifications that are of record in your office related to the above-referenced parcels, it appears that such amounts have been certified to your office by either Robert Gale, who served as the Village of Marengo Mayor and/or Fiscal Officer between 2012 and 2015, or by Hilary Ostrom, who has served or is serving as the Village of Marengo's Fiscal Officer/Clerk. Neither of these individuals are a board of public affairs or a village administrator, and the documentation submitted to your office does not purport to be submitted on behalf of either of those offices. Based upon a review of the records contained in your office, there are no documents that would appear to validate the Village's authority to certify these charges to your office or for your office to add them to the tax duplicates for the above-referenced parties.

Accordingly, it appears that the Village of Marengo is improperly certifying, and thereby collecting, purported unpaid sewer rents and is using your office to accomplish the same.

RINEHART LEGAL SERVICES, LTD.
The Honorable Patricia K. Davies
May 2, 2017
Page 4 of 4

Because the Village has not established a board of public affairs, appointed a village administrator, or established proper legal authority upon which your office may legally and appropriately certify and add unpaid sewer rent charges to tax duplicates, I am requesting that your office remove all such charges from the above-referenced tax duplicates. To the extent that any unpaid sewer rents have been paid through this apparent improper process, we would request that your office work with the County Treasurer to refund to Mr. Porter any amounts that were improperly collected.

Furthermore, until such time as the Village of Marengo complies with applicable law, I would request that your office cease and desist from adding any further unpaid sewer rents to tax duplicates for the Village of Marengo. If the Village of Marengo believes it has sufficient legal authority to collect these unpaid charges, it may pursue appropriate legal actions against Mr. Porter as it deems necessary.

I appreciate your prompt attention to these matters and would request the courtesy of a response within ten (10) business days of receipt of the same.

Very Truly Yours,

Christopher A. Rinehart

Enclosures
cc: Ross H. Porter / West Walnut Park LLC
    The Honorable Charles Howland, Morrow County Prosecutor

MORROW COUNTY
AUDITOR

**Ross H. Porter**
9 N. West Street
Marengo, Ohio 43334

2016 JAN 14 PM 1:33

January 13, 2016

The Honorable Patricia K. Davies
Morrow County Auditor
48 East High Street, Room 7
Mt. Gilead, Ohio 43338

The Honorable Thomas G. Griffith
Morrow County Treasurer
48 East High Street
Mt. Gilead, Ohio 43338

Village of Marengo
P.O. Box 310
Marengo, Ohio 43334

      RE:    Parcel No. A45-002-00-003-01

Dear Ms. Davies / Mr. Griffith / Village of Marengo:

      Pursuant to Ohio Revised Code Section 2723.03, I am writing to submit this formal protest associated with my payment of certain of the outstanding taxes assessed against the above-referenced property. In particular, I believe the amount assessed by special assessment by the Village of Marengo, which appears to be in the amount of $6,188.22, has been illegally assessed by the Village of Marengo because the Village of Marengo (1) has failed to establish by ordinance, just and equitable rates or charges of rents to be paid to the municipal corporation for the use of its sewerage system or other public works in violation of Ohio Revised Code Section 729.49; (2) has assessed such rates in an inequitable fashion; (3) has failed to establish a board of trustees of public affairs in accordance with Ohio Revised Code Sections 729.50 and 735.28; (4) alternatively, has failed to appoint a village administrator in violation of Ohio Revised Code Section 735.271; and (5) has exercised authority it is not permitted to exercise pursuant to Ohio Revised Code Sections 729.50 and 735.29 in the establishment of rates and charges of rents to be paid for services its provides and the assessment, collection, and levying the same as special assessment taxes against properties through the Morrow County Auditor's office. With regard to the County Auditor, the County Auditor has failed to comply with Sections 735.29 or 735.273 of the Ohio Revised Code because it has certified amounts to this property from the Village of Marengo without proper evidence or certification that these amounts are being certified by either the board of public affairs established pursuant to Ohio Revised Code Section 729.28 or a village administrator pursuant to Ohio Revised Code Section 735.271.



EXHIBIT

1

**Ross H. Porter**
9 N. West Street
Marengo, Ohio 43334

In accordance with Section 2723.03 of the Ohio Revised Code, I am hereby giving notice of my intention to sue the Village of Marengo and the County Auditor pursuant to, in part, Sections 2723.01 to 2723.05 of the Ohio Revised Code, to collect any such taxes or assessments paid pursuant to this protest, to enjoin the collection of any past or future assessments of rents or charges by Morrow County or the Village of Marengo in violation of Ohio law, and to collect any additional damages that may be available to me.

I appreciate your prompt attention to these matters.

Sincerely,

Ross H. Porter

cc:     Morrow County Prosecutor
        Noel Alden, Counsel for Village of Marengo

## ORDINANCE 1993-_05_

ORDINANCE ESTABLISHING PROCEDURE FOR
COLLECTION OF DELINQUENT SEWER USE CHARGES FOR THE
VILLAGE OF MARENGO, OHIO AND DECLARING AN EMERGENCY

BE IT RESOLVED, by the Council of the Village of Marengo, State of Ohio, that the following statutory section shall become a part of the permanent laws of the Village of Marengo in its dealing with the collection and enforcement procedures for the sanitary sewage treatment system for the Village. Said ordinance shall become a part of Title V of the Codified Ordinances of the Village of Marengo which are as follows:

## 50.10 - DISCONTINUATION OF SERVICE

The Village reserves the right to discontinue wastewater service for any of the following reasons:

1) The non-payment of wastewater bills, including any other charges referred to in mandatory sewer user rates section of the Village Ordinances.

2) For repairs or unavoidable interruptions to be used in the operation of the system.

3) If the consumers sanitary sewer usage is detrimental to the sanitary sewer system as applied to other consumers or to the Village's sewage treatment.

4) Illegal use of the sanitary sewer system.

Whenever service is discontinued for non-payment of accounts or for fraudulent misrepresentation, a charge will be made by the utility to cover the cost of disconnection and reconnection of service when the same is again re-established.

## 50.11 - LIENS FOR UNPAID BILLS

Council hereby determines that customers of the Marengo wastewater treatment system shall take sewage service subject to all of the provisions herein and that acceptance of sewage service to property served by the sanitary sewer system of the Village of Marengo, Ohio, shall constitute an acknowledgement of such conditions for the provisions of sewage treatment, and shall further become the terms and conditions of the service contract between the Village



EXHIBIT

2

and the owner of the property being served sufficient to warrant the establishment of a lien against any such property wherein unpaid sanitary sewer bills have accrued, and are eligible to become liens against any such property in accordance with Ohio Revised Code Section 743.04.

## 50.12 - ASSESSMENT AND COLLECTION OF SANITARY SEWER USER RATES

When sanitary sewer rates or additional assessments or charges are not paid when due, Council of the Village of Marengo may do either or both of the following:

a) Certify them, together with any penalties to the County Auditor. The County Auditor shall place the certified amount on the real property tax list and duplicate against the property served by the connection if he also receives from the Village of Marengo Council additional certification that the unpaid charges have arisen pursuant to the implied service contract made between the owner of the property and the Village upon the owner's acceptance of sanitary sewer service from the Village.

1) The amount placed on the tax list and duplicate shall be a lien on the property served from the date placed on the list in duplicate and shall be collected in the same manner as other taxes.

2) The lien shall be released immediately upon payment in full of the certified amount.

3) Any amounts collected by the County Treasurer under this division shall be immediately placed in the fund established in behalf of the sanitary sewer system for the Village of Marengo, Ohio.

b) Collection by action of law in the name of the Village of Marengo, Ohio, from an owner, tenant or other person who is liable to pay the sewer use charges.

c) Village Council is authorized to collect under the collection procedures as outlined, for certification on the tax records or collection by action at law at such time as any portion of unpaid user rates, once any portion of the assessments or penalties are at least six months delinquent, at which time all procedures available for collection purposes may be used for all unpaid charges at the time the procedure is initiated against each specific owner.

This ordinance is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, health and safety, and for the further reason that the establishing of collection procedures for the wastewater treatment system for the Village of Marengo is determined to be of the utmost necessity based upon the funding availability and other restraints placed upon Council by prior contractional agreements with various agencies and parties, and said ordinance shall, and, therefore, becomes effective upon its date of passage provided it receives an affirmative vote of 2/3 of the members elected to the Council for the Village of Marengo, otherwise, it shall take effect and be in full force from and after the earliest point allowed by law.

Passed and approved on the _9_ day of June, 1993.

Dated:  June _9_, 1993.

/S/ Robert Gale
Robert Gale, Mayor

ATTEST:

/S/ Eleanor Keener
Eleanor Keener, Village Clerk

CERTIFICATION

I hereby certify that the above document is a true and accurate copy of Ordinance Number 1993-05.

Eleanor Keener
Eleanor Keener, Village Clerk

Date: Feb 15, 1994